

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

DMP/CRH:FJN/APW
F. #2021000043

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 7, 2021

By ECF

The Honorable Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: United States v. Eduard Florea
           Crim No.: 21-037 (EK)

Dear Judge Komitee:

      The government respectfully submits this letter in response to the Court's order dated April 27, 2021 ("Order") (ECF No. 13), and in further support of its consent motion for a protective order for discovery materials in this case (the "Protective Order") (ECF No. 12).

      In the Order, the Court declined to endorse the jointly submitted Protective Order because it would "shield[] all discovery in this case from public view," and because the government had not made the requisite showing of "good cause" necessary for the "sealing of all document discovery in the case." Order at 1-3. As set forth in more detail below, the government does not seek through the Protective Order to seal any materials that would otherwise be publicly available. Rather, under longstanding practice, supported by case law, pretrial discovery is privately exchanged between the parties and is not ordinarily made available to the public. As such, the Protective Order will not impact the public's right of access to judicial proceedings. Instead, the government seeks the entry of the Protective Order to protect the safety and privacy interests of the defendant's wife and minor children and to prevent the defendant from using discovery for "purposes [other than] defending against the charges." See Protective Order at ¶ 1 (ECF No. 12-1). Defense counsel continues to have no objection to the entry of the Protective Order.

      I.    The Public Has No Right of Access to Discovery Materials

      As a threshold matter, the government clarifies that it does not seek to shield from public view any materials that would otherwise be public; nor will the Court's

endorsement of the Protective Order result in the sealing of any discovery materials or affect a public right of access to such materials. Pre-trial discovery, "unlike the trial itself, is usually conducted in private," Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999) citing Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 (1984); see also Bond v. Utreras, 585 F.3d 1061, 1074 (7th Cir. 2009) ("[a]t common law, pretrial proceedings were closed to the public, and the federal discovery rules have not changed his common law tradition."); United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986) ("Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation."). Because discovery is a private process between parties, courts generally view the documents or materials shared between them as not presumptively accessible. See United States v. Smith, 985 F.Supp.2d 506, 519 (S.D.N.Y. 2013) (citing cases). Indeed, the Supreme Court has held that "restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information." Seattle Times Co., 467 U.S. at 33; see also United States v. Caparros, 800 F.2d 23, 25 (2d Cir. 1986) (finding that a defendant's claim that a protective order in criminal case was an impermissible prior restraint "is inconsistent with precedent").

The private treatment given to discovery materials serves the interests of justice. If discovery information were publicly available, there is a risk that disclosure of those materials could taint a trial. See United States v. McVeigh, 119 F.3d 806, 813 (10th Cir. 1997) (holding that disclosure of unadmitted discovery materials could taint potential jurors); United States v. White, No. 04-CR-370, 2004 WL 2399731, *5 (E.D.Pa. Sep. 22, 2004) (noting that if prosecutors and defense counsel had a practice of disclosing discovery materials to the media, this could be disruptive to a fair trial for all parties). Accordingly, because the Protective Order does not seal any otherwise publicly accessible materials or impinge on any public right of access, the Court should not decline to enter it on those grounds.[1]

II. Good Cause Exists for the Entry of the Protective Order

As the Court recognized in the Order, a district court may "for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Order at 2 (citing Fed. R. Crim. P. 16(d)(1)). The Advisory Committee Notes explain that the factors that a court may consider include "the safety of witnesses and others" and "a particular danger [of] perjury or witness intimidation." Advisory Committee Notes to Fed. R. Crim P. 16. Protective orders are also appropriate where the "confidentiality and privacy interests" of third parties would be negatively affected by the disclosures. United States v. O'Keefe, No. 06-CR-249, 2007 WL 1239204, *2 (D.D.C. Apr. 27, 2007) ("Protective orders in criminal cases are not uncommon…."); see also United States v. Luchko, No. 06-CR-319, 2007 WL

---

[1] The Protective Order also explicitly provides that, "[n]othing in this Protective Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial, or other proceeding." Protective Order at ¶ 4.

2

1651139, *7 (E.D. Pa. Jun. 6, 2007) (protective order entered because of, among other reasons, personal privacy interests of third parties); id. at *10 ("The protective order protects the privacy interests of uncharged persons, promotes the government's policy of open discovery and prevents unnecessary disclosure of investigative techniques."). "Good cause" for the entry of a protective order exists when a party shows that disclosure "will result in a clearly defined, specific, and serious injury." In re Terrorist Attacks on September 11, 2001, 454 F.Supp.2d. 220, 222 (S.D.N.Y. 2006).

Here, there is "good cause" to enter the Protective Order pursuant to Rule 16(d)(1) because of safety and privacy interests of the defendant's wife and minor children and others.[2] A significant portion of the discovery in this matter includes electronic evidence seized from the defendant's home pursuant to a search warrant, which includes information belonging to the defendant's wife. Private documents and communications belonging to the defendant's wife (and minor children) are sensitive because the defendant's wife is a potential trial witness and she has made serious allegations of physical and emotional abuse by the defendant, including allegations of threats by the defendant to murder the couple's then 19-month-old daughter. While some of these allegations have been publicly reported in the media, the discovery materials contain additional sensitive details not known to the public.[3] Absent the entry of the Protective Order, the defendant could take his wife's private information and disseminate it to members of the public, including to the press. Even more concerning, the defendant has admitted to fraternizing with violent individuals, including individuals who are known to espouse white nationalist beliefs and who may have participated in the attack on the United States Capitol on January 6, 2021. If sensitive discovery were provided to the defendant without restrictions, the defendant could share that discovery with individuals who could use it to intimidate witnesses, endanger the defendant's family, or worse. Respectfully, no legitimate purpose is furthered by permitting the defendant to have unrestricted access to sensitive discovery.

Discovery in this matter also includes references to third parties who have not been charged with any criminal offenses. For example, certain discovery materials include communications between the defendant and third parties who have espoused hateful, but not illegal, political viewpoints. No legitimate purpose is furthered by permitting the defendant to disclose their identities, statements, photographs, or apparent conduct to the public when those individuals are not charged with any crimes. Other documents include personally identifiable information for third parties, such as financial account numbers and social security numbers—that should likewise not be publicly disseminated. The Protective Order

---

[2] Due to the passage of time, the government no longer seeks the entry of the Protective Order to protect ongoing investigations.

[3] See "Wife of Queens Proud Boys Supporter Alleges Abuse: 'He's A Horrible Monster.'" https://pix11.com/news/local-news/queens/wife-of-queens-proud-boys-supporter-alleges-abuse-hes-a-horrible-monster/ (last accessed on May 6, 2021).

3

will therefore protect the safety and privacy interests of multiple third parties, including the defendant's wife and minor children.

   For the reasons set forth above, the Government respectfully requests that the Court enter the proposed Protective Order to safeguard the sensitive information contained in discovery materials.

            Respectfully submitted,

            MARK J. LESKO
            Acting United States Attorney

      By: /s/ Francisco J. Navarro
         Francisco J. Navarro
         Andrew P. Wenzel
         Assistant United States Attorneys
         (718) 254-7000

cc: Mia Eisner-Grynberg, Esq.
   Clerk of Court (EK)

4